The opinion of the Court was delivered by
DüNKIN, Ch.
The argument of this appeal has been placed mainly upon the ground, that John Campbell was an incompetent witness in the trial at law, but that he has become competent in *376 this case in consequence of having paid his proportion of the judgment recovered against the complainants, and of having “ assigned his interest in the matter” to the complainants. The instrument of assignment is not before us ; but it is not easy to perceive what right of action Tie could have against the defendant, Briggs, who had never impleaded him. This Court deem it, however, unnecessary to express any opinion, as to the competency of John Campbell, in the trial at law. If he were competent, it was the duty of the complainants to have proposed him as a witness, and it must be presumed that his testimony would have been received. But, assuming for the purposes of the argument, that, as one of the principal obligors in a joint and several bill, John Campbell was incompetent to testify in behalf of his co-obligor, why might not the same process have been resorted to for restoring his competency, which has been since adopted, or why was he not rendered competent by a release from his co-obligor ? It is said, and truly said, he was not bound to release him. But, if a witness is called to the stand, and successfully objected to, on the ground of interest, which he declines to release, is it any ground for a bill in equity on the part of the unsuccessful litigant, in behalf of whom he was called, that he has since paid the witness his debt, and thus extinguished his interest, and desires the benefit of another hearing with this additional evidence ? Or, would it make any 'difference that the witness, rejected as incompetent at the trial, had, after the trial, voluntarily released his interest, and thereby rendered himself competent to testify on another hearing of the cause ? If the principle were recognized, it is easy to conceive, that a party would rarely want the advantage of a trial in chancery, not in consequence of newly discovered, but newly created, testimony.
' Nor is this, perhaps, the strength of the objection to the complainants’ proceeding. Substantially they seek to recover back not only what they have themselves paid, but, as assignees, what has been paid by John Campbell and the other co-obligor. John Campbell was not only a principal in the obligation, but the chief *377 actor in the transaction. He so regarded himself, and either voluntarily or involuntarily paid his proportion of the judgment, and then assigned, what he calls his interest in the matter, to the defendants in the suit, his co-obligors, who are the complainants in this bill. Why might not the defendants in the judgment, with'equal propriety, after judgment rendered and payment by them, assign their interest to a stranger, without consideration, and thus enable him to maintain a bill to be sustained by the evidence of his assignors ? So far as the complainants seek to recover the sums paid by John Campbell and D. McDowell, the principle is directly analogous. The argument is, that they had an interest to recover back the money paid in consequence of an erroneous verdict. They voluntarily assign that interest, and thereby qualify themselves to testify in behalf of their assignee, and the Court is asked to entertain the bill, because, in the suit at law, being parties to the record and directly interested, the assignors of the complainants were incompetent to testify. The Chief Baron of the Exchequer, in the recent case of Welch vs. Faucett, (25th Feb. 1852,) adverts to some of the inconveniences of the late Act of Parliament authorizing the admission of parties as witnesses, and says, that “ the change will necessarily lead to increased litigation;” and that “cases will now be brought into Court which would never have been thought of,” and recommends that the operation of the statute of frauds and perjuries should be extended. But to sanction a bill of this character, would not only increase and protract litigation, but would stimulate an angry and unsuccessful suitor at law, by assigning his interest, to set on foot, a new proceeding, in which he could tell his own tale and his adversary be unheard. It seems enough that the diligent researches of the complainants’ counsel have furnished no precedent for these proceedings.
But, in the trial at law, the complainants resisted the recovery, on the ground of fraud and misrepresention on the part of the defendant, Briggs. On the evidence submitted, the jury rendered a verdict for the plaintiff in the suit. In this Court the com *378 plainants have bad tbe advantage of tbe defendant’s answer, and also of tbe evidence of John Campbell, and, upon tbe question of fraud and misrepresentation, tbe Chancellor bas arrived at tbe same conclusion with the jury. Under these circumstances, it would require an extraordinary case of misapprehension to warrant tbe interference of this Court; but, upon a review of tbe evidence, we are well satisfied with tbe conclusions of tbe Chancellor and of tbe jury.
Tbe decree is affirmed, and tbe appeal dismissed.
Johnston, I)ARCAN and Wardlaw, CC., concurred.

Appeal dismissed.